IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MADISON, et al.     *

    Plaintiffs     *

    vs.     *   CIVIL ACTION NO. MJG-12-1120

HARFORD COUNTY, et al.     *

    Defendants     *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION

The Court has before it Plaintiffs' Motion for Partial Reconsideration [Document 47] and the materials submitted by the Plaintiff relating thereto. The Court finds that neither a response nor a hearing is necessary.

As stated by Judge Ramsey in <u>Weyerhaeuser Corp. v. Koppers Co., Inc.</u>:

> A motion for reconsideration (or, to alter or amend judgment) made pursuant to Fed.R.Civ.P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice

771 F. Supp. 1406, 1419 (D. Md. 1991) (citation omitted). Such a motion "cannot be used to raise arguments which could, and should, have been made before [the determination to be reconsidered was] issued." <u>Fed. Deposit Ins. Corp. v. Meyer</u>,

781 F. 2d 1260, 1268 (7th Cir. 1986) (citation omitted). Stated differently, a "'motion to reconsider is not a license to reargue the merits or present new evidence.'" Gray-Hopkins v. Prince George's Cnty., Md., 201 F. Supp. 2d 523, 524 (D. Md. 2002) (quoting Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C., 142 F. Supp. 2d 676, 677 n. 1 (D. Md. 2001)).

The instant motion meets none of the criteria upon which a court may properly reconsider a prior determination. Moreover, to the extent there is anything in the instant motion beyond a restatement of the basic arguments already presented[1], it does not persuade the Court to have all concerned engage in the exercise of a re-enactment of the briefing and argument.

There can, no doubt, be endless rounds of quibbling about non-determinative differences at the fringes of the case. However, at the core, there was insufficient evidence to support a finding that the single use of the taser, or any other action of any Defendant was done in a sadistic manner or with any intent to inflict injury upon Mr. Madison within the meaning of

---

[1] For instance, the Motion for Partial Reconsideration contains quotations from deposition testimony that was quoted in Plaintiffs' responses to the Defendants' summary judgment motions. While not determinative, the Court notes that page 19 of Defendant Jones' deposition testimony quoted by Plaintiffs in their response [Document 37] (and the instant motion) was not attached as part of the exhibits to that response. The Court also notes that the instant motion introduces portions of Defendant Courtney's and Harper's deposition testimony that was neither quoted nor attached to the Plaintiffs' summary judgment responses [Documents 25, 37].

the Substantive Due Process Clause of the Fourteenth Amendment.

The Court stands by its decision as reflected in the Memorandum and Order Re: Summary Judgment/Dismissal [Document 44].

Finally, the Court must note that Plaintiffs' counsel's attempt to justify another round of discovery by virtue of the post-initial argument deposition of Mr. Wright is misplaced. As shown on the record of the May 21, 2013 hearing, the Court had before it a transcript of an interview of Mr. Wright taken within a day of the events at issue and a less than consistent affidavit drafted by someone associated with Plaintiffs' counsel and signed by Mr. Wright long after the events at issue. At the hearing, Plaintiffs' counsel represented that Mr. Wright would testify that he felt coerced to make the recorded statements which tended to support the Defendants. Inasmuch as Mr. Wright is the only non-Defendant witness, the Court permitted a deposition of Mr. Wright so as to have the record reflect what he would say if called as a trial witness. Plaintiffs' counsel stated, on the record, that it was reasonable to permit the deposition.[2] After Mr. Wright's deposition transcript was filed, the Court received and considered the parties' respective comments related to the deposition before reaching its decision.

---

[2] And argued that even without the Wright testimony, the evidence was adequate for Plaintiffs to proceed past summary judgment.

For the foregoing reasons, Plaintiffs' Motion for Partial Reconsideration [Document 47] is DENIED.

SO ORDERED, this Friday, August 23, 2013.

/s/
Marvin J. Garbis
United States District Judge