IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MADISON, et al. *

    Plaintiffs *

    vs. * CIVIL ACTION NO. MJG-12-1120

HARFORD COUNTY, et al. *

    Defendants *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: COUNT IV (ASSAULT & BATTERY)

The Court has before it Defendants' Motion for Summary Judgment as to Count IV [Document 49] and the materials submitted relating thereto. The Court finds a hearing regarding the instant motion unnecessary.

## I. SUMMARY BACKGROUND[1]

On the evening of June 11, 2009, Dwight Jerome Madison ("Madison"), a United States Navy veteran suffering from mental illnesses, was arrested for trespassing and transported to the Harford County Detention Center Processing Center (the "Detention Center") where he was held for processing. After arriving at the Detention Center, Madison interacted with several Detention Center personnel - Jennifer Huey ("Huey"),

---

[1] For further background, see Memorandum and Order Re: Summary Judgment/Dismissal [Document 44] and Memorandum and Order Re: Motion for Reconsideration [Document 48].

Emma Virginia Courtney ("Courtney"), Christopher Jones ("Jones"), Sherman Kirk ("Kirk"), Theresa Pounds ("Pounds"), and Rickey Harper ("Harper") (collectively the "DC Defendants"). There was an incident, during which Huey fired a taser, striking Madison who then fell to the floor and was severely injured. Madison was taken to the University of Maryland Shock Trauma Center and died as a result of his injuries the next day.

In the Amended Complaint [Document 14], Plaintiffs presented claims against the Harford County Council, the Harford County Executive, Sheriff Jesse L. Bane, Officer Todd Johnson, Officer Jason Flemmens,[2] and the DC Defendants in seven Counts:

    Count I       Survival Action

    Count II      Wrongful Death

---

[2] Officer Johnson encountered Madison earlier in the evening on the night Madison was arrested, and Officer Flemmens later executed the arrest of Madison. Plaintiffs asserted federal claims against Officer Johnson and Officer Flemmens based upon a theory of arrest without probable cause and not upon any theory regarding the use of unlawful force. The Court granted summary judgment in favor of the two officers on the grounds that:

> Officer Johnson did not participate in the arrest of Madison and Officer Flemmens did not unlawfully arrest Madison. Inasmuch as all claims against these Defendants are based upon their participation in an unlawful arrest, Officers Johnson and Flemmens are entitled to summary judgment with regard to all federal claims asserted against them.

[Document 44] at 9-10. Thus, Officer Johnson and Officer Flemmens are no longer Defendants in the instant lawsuit.

| | |
|---|---|
| Count III | Excessive Force/Police Brutality |
| Count IV | Assault & Battery |
| Count V | Deprivation of Civil Rights, 42 U.S.C. § 1983 |
| Count VI | Negligent Training and Supervision |
| Count VII | Intentional/Negligent Infliction of Emotional Distress |

In the Memorandum and Order Re: Summary Judgment/Dismissal the Court [Document 44], the Court held:

1. Counts I and II presented "derivative claims" and remained pending[3] to the extent that substantive claims presented by other Counts may remain pending.

2. All claims in Counts III, VI and VII were dismissed.

3. "Defendants are granted summary judgment with regard to all claims in Count V."

4. Count IV remained pending due to inadequate briefing, but Defendants were granted leave to file the instant Motion for Summary Judgment regarding the claims therein.

[Document 44] at 46-47, 49.

The Court stated:

---

[3] The Court dismissed Count I, but the Count was later reinstated upon the motion of a duly appointed personal representative of the Estate of Dwight Jerome Madison. See [Documents 45, 46].

3

> The Court shall not <u>dismiss</u> the assault and battery claim in Count IV.
>
> * * * *
>
> While Defendants' motion nominally seeks summary judgment on all claims, the briefing by both sides does not adequately address the question of whether Defendants are entitled to summary judgment on Count IV. The Court needs to be informed as to the parties['] respective contentions with reference to the legal and factual issues presented by the claims in Count IV.
>
> Under the circumstances, the Court shall provide that Defendants may file a motion for summary judgment specifically with regard to Count IV to which Plaintiffs may fully respond.
>
> * * * *
>
> * * * In response, Plaintiffs must specify which particular Defendants they contend can be held liable on Count IV for which particular actions and present evidence in support of these particular contentions.

<u>Id</u>. at 46-47.

In their response to the instant motion, Plaintiffs seek to have the Court effectively "reopen" the case, consider claims not made in the Second Amended Complaint, permit additional discovery, and revise its prior decisions. The Court declines to do so and determines – pursuant to the Memorandum and Order Re: Summary Judgment/Dismissal – whether Defendants are entitled to summary judgment[4] with regard to Count IV.

---

4   When evaluating a motion for summary judgment, the court

4

II. DISCUSSION

As to the Court's directive that Plaintiffs "specify which particular Defendants they contend can be held liable on Count IV for which particular actions and present evidence in support of these particular contentions," Plaintiffs contend that they present viable assault and battery claims with regard to the tasering incident and with regard to events prior to the tasering.

Under Maryland law, the tort of battery is an unpermitted intentional touching that is harmful or offensive. See Janelsins v. Button, 648 A.2d 1039, 1042, 102 Md. App. 30, 35 (Md. Ct. Spec. App. 1994). "Assault is the attempt to cause a harmful or offensive contact with another or to cause an apprehension of such contact . . . ." Wallace v. Poulos, 861 F. Supp. 2d 587, 596 n.9 (D. Md. 2012). In Maryland, "'a law enforcement officer is not liable for assault and battery or other tortious conduct performed during the course of his official duties unless he acted with actual malice toward the

---

may look at the evidence presented through the non-movant's rose-colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

5

plaintiff, i.e. with ill will, improper motivation or evil purpose.'"[5] Littleton v. Swonger, 502 F. App'x 271, 275 (4th Cir. 2012) (quoting Goehring v. United States, 870 F. Supp. 106, 108 (D. Md. 1994)).

A.  The Tasering

Plaintiffs contend that they have presented evidence adequate to permit a finding that:

- Huey assaulted Madison by pointing the taser at Madison and threatening to use the taser on him. [Document 50] at 18.

- Courtney assaulted Madison by "order[ing] Huey to fire the Taser." Id. at 19.

- "Huey battered Madison by shooting him with a Taser." Id. at 20-23.

- Courtney battered Madison by "order[ing] Huey to fire the Taser." Id.

- Jones, Kirk, and Harper battered Madison because "[o]nce Madison was immobilized by the electrical current, [they] let go of Madison and/or pushed him to the ground." Id. at 23-24.

---

[5]  A correctional officer at a detention center is a law enforcement officer. See, e.g., Md. Code Ann. Crim. Law. § 3-201(c)(2)(i) ("'Law enforcement officer' includes: (i) a correctional officer at a correctional facility . . . ."); Livesay v. Balt. Cnty., 384 Md. 1, 10-13, 862 A.2d 33, 38-39 (Md. 2004) (stating that a corrections officer, or prison guard, is a public official for purposes of public official immunity from liability for tortious conduct); Carder v. Steiner, 225 Md. 271, 275, 170 A.2d 220, 222 (Md. 1961) (noting that a guard at a correctional facility, like a police officer, is a public officer), overruled on other grounds by James v. Prince George's Cnty., 288 Md. 315, 418 A.2d 1173 (1980).

6

The Court finds that Plaintiffs have produced no evidence adequate to establish that the taser was used other than in a good faith effort to maintain and restore discipline.[6] Thus, the taser was used without actual malice. Nor is there any evidence adequate to establish that any Defendant intentionally pushed Madison to the ground.

B. Pre-Tasering

Plaintiffs contend that they have presented evidence adequate to permit a finding that:

- Jones, Kirk, and Harper assaulted Madison "by surrounding and looming above him immediately before they battered him." Id. at 19.

- Jones, Kirk, and Harper battered Madison prior to the tasering by "intentionally attack[ing] Madison as he sat in a chair."[7] Id. at 36-38.

---

[6] In the Memorandum and Order Re: Summary Judgment/Dismissal the Court [Document 44], the Court found that the factual allegations in Plaintiffs' Amended Complaint presented a plausible claim of malicious action, but noted, "[o]f course, it is one thing to find that there are adequate factual allegations and another to find that there is adequate evidence to establish those allegations." [Document 44] at 45-46.

[7] Plaintiffs also contend that they have evidence that "Kirk 'used a leg kick to Madison's right shin area.'" [Document 50] at 23. However, that contention is based upon a partial quote from a sentence contained in an incident report written by another officer regarding an alleged event that occurred before the tasering to "try[] to get [Madison] to stop struggling." [Document 5-15] at 6. The "evidence" is not only hearsay about an incident denied by the only witness addressing the matter (Kirk at his deposition), but also – if the leg kick occurred – it had nothing whatsoever to do with Madison's injury at issue.

7

Assuming, but not by any means holding, that the evidence would support a finding that the Defendants assaulted or battered Madison prior to the tasering, there is no evidentiary basis whatsoever for a finding of actual malice.

Finally, Plaintiffs neither pleaded a gross negligence claim against any Defendant nor presented evidence that would be adequate to establish gross negligence in the circumstances confronting the Defendants relating to the tasering of Madison or the events prior to the tasering.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendants' Motion for Summary Judgment as to Count IV [Document 49] is GRANTED.

2. Judgment shall be entered by separate Order.

SO ORDERED, on <u>Friday, February 07, 2014</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge